09-2214-pr
King v. Ercole

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 7th day of April, two thousand ten.

PRESENT: DENNIS JACOBS,
     <u>Chief Judge</u>,
  GERARD E. LYNCH,
     <u>Circuit Judge</u>,
  JANE A. RESTANI[*],
     <u>Judge</u>.

- - - - - - - - - - - - - - - - - - - - -X

JAMES KING,
 <u>Petitioner-Appellant</u>,

 -v.-           09-2214-pr

ROBERT ERCOLE, Superintendent, Green Haven Correctional Facility
 <u>Respondent-Appellee</u>.
- - - - - - - - - - - - - - - - - - - - -X

---

[*] The Honorable Jane A. Restani, Chief Judge of the United States Court of International Trade, sitting by designation.

**APPEARING FOR APPELLANT:** MATTHEW SCOTT TROKENHEIM, Esq. (Richard M. Greenberg, Esq., Joseph M. Nursey, Esq., Office of the Appellate Defender, New York, NY on the brief), Arent Fox LLP, New York, NY.

**APPEARING FOR APPELLEES:** HANNAH E.C. MOORE (Joseph N. Ferdenzi, Karen Swiger on the brief) for Robert T. Johnson, District Attorney, Bronx County.

Appeal from a judgment of the United States District Court for the Southern District of New York (Hellerstein, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

James King petitions for a writ of habeas corpus on the ground that the prosecution withheld material impeachment information related to a key prosecution witness, Mario Lopez, in violation of Brady v. Maryland, 373 U.S. 83, 87 (1963). "[T]he government's failure to disclose favorable information will result in an order of retrial if the undisclosed information is 'material,' within the exacting standard of materiality established by the governing case law." United States v. Spinelli, 551 F.3d 159, 164 (2d Cir. 2008).

"[A] new trial is generally not required when the testimony of the witness is corroborated by other testimony, or when the suppressed impeachment evidence merely furnishes an additional basis on which to impeach a witness whose credibility has already been shown to be questionable." United States v. Payne, 63 F.3d 1200, 1210 (2d Cir. 1995) (internal quotation marks and citations omitted). Both of these conditions were met here[1], as the Appellate Division ruled. Accordingly, that ruling was neither contrary to nor an unreasonable application of established federal law. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000).

Finding no merit in King's remaining arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

---

[1] Lopez's testimony was corroborated in relevant part by another prosecution witness, Michael Cooks. As to Lopez, the prosecution failed to disclose a (purported) state cooperation agreement dealing with state car-theft charges. Since Lopez admitted his involvement in a separate murder-for-hire incident to federal prosecutors at the same time he signed the purported state cooperation agreement, that document gave Lopez no incremental motive to lie that the defense was unable to adequately bring to the jury's attention.